**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| TODD KATONA, individually and on behalf of all others similarly situated, | Docket No. 2:21-cv-826 |
| Plaintiff, | |
| v. | Jury Trial Demanded |
| THE JUDGE GROUP, INC., | |
| Defendant. | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1.      The Judge Group, Inc. (Judge Group) has failed to pay Todd Katona (Katona), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Pennsylvania Minimum Wage Act (PMWA).

2.      Instead, Judge Group improperly classified Katona and other workers like him as exempt employees and paid them a salary with no overtime compensation.

3.      Katona bring this class and collective action to recover unpaid overtime and other damages.

## I.      JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5.      The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

6.      The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Judge Group

operates in this District and Division and because a substantial portion of the events giving rise to this

action occurred in this District.

## II.   THE PARTIES

8.      Katona worked for Judge Group as a Recruiter from approximately February 2018

through November 2018.

9.      Katona worked for Judge Group throughout Pennsylvania, including in Wayne,

Pennsylvania.

10.      Throughout his employment with Judge Group, Katona was classified as an exempt

employee and paid a salary with no overtime compensation.

11.      Katona's consent to be a party Katona is attached as Exhibit A.

12.      Throughout his employment with Judge Group, Katona was classified as an exempt

employee and paid a salary with no overtime compensation.

13.      Katona brings this action on behalf of himself and all other similarly situated workers

who were classified as recruiters and paid a salary with no overtime compensation.  Judge Group paid

each of these workers a salary for each day worked on location and failed to pay them overtime for all

hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

14.      The class of similarly situated employees or putative class members sought to be

certified is defined as follows:

> **All current and former recruiters that worked for Judge Group,**
> **Inc. who were paid a salary during the last three (3) years.**
> **("FLSA Recruiters").**

15.      Katona further seeks certification of a class under Fed. R. Civ. P. 23 to remedy Judge

Group's violations of the PMWA.

16.      The class of similarly situated employees or putative class members sought to be

certified is defined as follows:

**All current and former recruiters that worked for Judge Group, Inc. in Pennsylvania who were paid a salary during the last three (3) years. ("Pennsylvania Recruiters").**

17.     Collectively, the FLSA Recruiters and Pennsylvania Recruiters are referred to as the "Putative Class Members."

18.     Judge Group, Inc. is a Pennsylvania corporation and may be served via its registered agent, Martin E. Judge, Conshohocken State Rd., Ste. 300, Conshohocken, PA 19428-3820.

## III.     COVERAGE UNDER THE FLSA

19.     At all times hereinafter mentioned, Judge Group has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.     At all times hereinafter mentioned, Judge Group has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21.     At all times hereinafter mentioned, Judge Group has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that Judge Group have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

22.     At all times hereinafter mentioned, Katona and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## IV.     FACTS

23.     Judge Group is an employment and staffing company operating throughout the United States and internationally, including in Pennsylvania.

24.     To provide services to its clients, Judge Group employs recruiting personnel, including Katona.

25.     Many of the individuals who worked for Judge Group were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Classes. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.  These so-called exempt employees were paid a salary for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

26.     For example, Katona worked for Judge Group as a Recruiter during the relevant time period (in Pennsylvania). Throughout his employment with Judge Group, he was classified as an exempt employee and paid a salary with no overtime compensation.

27.     As a Recruiter, Katona regularly worked more than 40 hours each week without receiving overtime compensation. On average, Katona estimates he worked approximately 50-55 hours each week.

28.     As a Recruiter, Katona (and all other recruiters) performed non-exempt job duties including calling potential employees for placement into companies that contracted with Judge Group.

29.     The job functions of Katona and the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

30.     Katona and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

31.     Katona and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

32.     The work Katona performed was an essential and integral part of Judge Group's core business.

33.     No advanced degree is required to become a recruiter.

34.     Being a recruiter does not require specialized academic training as a standard prerequisite.

35.     For example, Katona does not have any advanced degree.

36.     Katona and the Putative Class Members did not have any supervisory or management duties.

37.     To the extent the recruiters make "decisions," such decisions do not require the exercise of independent discretion and judgment.

38.     Instead, the Recruiters apply well-established techniques and procedures and use established standards to evaluate any issues.

39.     Recruiters do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

40.     Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

41.     With these job duties, the Recruiters are clearly non-exempt employees under the FLSA.

42.     Judge Group does not pay its Recruiters overtime for hours worked in excess of 40 in a single workweek.

43.     Instead, Judge Group pays these workers a base salary.

44.     Katona and the Recruiters worked for Judge Group in the past three years throughout the United States, including in Pennsylvania.

45.     As a result of Judge Group's pay policies, Katona and the Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

46.     Judge Group keeps accurate records of the hours, or at least the days, its recruiters work.

47.     Judge Group also keeps accurate records of the amount of pay its recruiters receive.

48.     Because Katona (and Judge Group's other recruiters) was misclassified as exempt employees by Judge Group, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## V.     CLASS AND COLLECTIVE ACTION ALLEGATIONS

49.     Katona incorporates all previous paragraphs and alleges that the illegal pay practices Judge Group imposed on Katona were likewise imposed on the Putative Class Members.

50.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

51.     Numerous other individuals who worked with Katona indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

52.     Based on his experiences and tenure with Judge Group, Katona is aware that Judge Group's illegal practices were imposed on the Putative Class Members.

53.     The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

54.     Judge Group's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

6

55.     The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

56.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Judge Group will reap the unjust benefits of violating the FLSA.

57.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Judge Group, it would be unduly burdensome to the judicial system.

58.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

59.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## CAUSES OF ACTION

### FLSA VIOLATIONS

60.     As set forth herein, Judge Group has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

61.     Judge Group knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Katona and the Putative Class Members overtime compensation. Judge Group's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

62.     Accordingly, Katona and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## PMWA VIOLATIONS

63.     Accordingly, brings this claim under the PMWA as a Rule 23 class action.

64.     Judge Group is subject to the overtime requirements of the PMWA because Judge Group is an employer under 43 P.S. § 333.103(g).

65.     During all relevant times, Katona and the Pennsylvania Recruiters were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

66.     Judge Group's compensation scheme that is applicable to Katona and the Pennsylvania Recruiters failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.43(b).

67.     At all relevant times, Judge Group was subject to the requirements of the PMWA.

68.     At all relevant times, Judge Group employed Katona and each Pennsylvania Recruiter as an "employee" within the meaning of the PMWA.

69.     The PMWA requires employers like Judge Group to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Katona and each Pennsylvania Recruiter are entitled to overtime pay under the PMWA.

70.     Judge Group has and had a policy and practice of misclassifying Katona and each Pennsylvania Class Member as exempt from overtime pay and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

71.     Katona and the Pennsylvania Recruiters seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

72.     Katona and the Pennsylvania Recruiters also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Judge Group, as provided by the costs.

## VI.     JURY DEMAND

73.     Katona demands a trial by jury.

## VII.     RELIEF SOUGHT

74.     WHEREFORE, Katona pray for judgment against Judge Group as follows:

a.      An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      An Order certifying a Rule 23 class action on behalf of Pennsylvania Recruiters;

c.      Judgment awarding Katona and the Pennsylvania Recruiters all unpaid overtime and other damages available under the PMWA;

d.      An Order awarding Katona and the Putative Class Members their reasonable attorneys' fees and expenses as provided by the FLSA and PMWA.

e.      For an Order appointing Katona and their counsel as Class Counsel to represent the interests of the FLSA class;

f.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

g.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    PA I.D. # 308410
    Texas Bar No. 24014780
    Andrew W. Dunlap
    Texas Bar No. 24078444
    Carl A. Fitz
    Texas Bar No. 24105863
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    cfitz@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **AND**

    Joshua P. Geist
    PA ID No. 85745
    **GOODRICH & GEIST PC**
    3634 California Ave.
    Pittsburgh, Pennsylvania 15212
    412-766-1455 – Telephone
    412-766-0300 – Facsimile
    josh@goodrichandgeist.com

    **ATTORNEYS IN CHARGE FOR KATONA AND PUTATIVE CLASS MEMBERS**